**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Michael Stokes,

                    Plaintiff,

      v.

Club Columbus, Inc.,

                    Defendant.

Case No:  2:22-cv-2635

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Michael Stokes ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Club Columbus, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement.

2.     Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3.     Defendant owns and operates a social media account on Facebook named as @ClubColumbus  (the "*Account*").

4.     Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.     Plaintiff Michael Stokes is an individual who is a citizen of the State of California and maintains a principal place of business at 1201 Alvira Street, Los Angeles in Los Angeles County, California.

6.     Upon information and belief, Defendant Club Columbus, Inc., is a Ohio

corporation with a principal place of business at 795 W 5 Ave, Columbus in Franklin County, Ohio and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.      This Court has personal jurisdiction over Club Columbus, Inc. because it maintains its principal place of business in Ohio.

9.      Venue is proper under 28 U.S.C. §1391(a)(2) because Club Columbus, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10.      Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13.      Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.      Club Columbus, Inc. is the registered owner of the Account and is responsible for its content.

15.      Club Columbus, Inc. is the operator of the Account and is responsible for its

content.

16.     The Account is a popular and lucrative commercial enterprise.

17.     The Account is monetized in that it redirects traffic to Defendant's physical business location and, upon information and belief, Defendant profits from these activities.

18.     On September 8, 2013, Plaintiff authored a photograph of Andrew England laying nude on a white sofa with a black office phone in hand ("*Photograph 1*"). A copy of Photograph 1 is attached hereto as Exhibit 1: #1.

19.     Photograph 1 was registered by the USCO on October 21, 2015 under Registration No. VA 1-977-391.

20.     On December 22, 2021, Plaintiff observed Photograph 1 on the Account in a post dated October 6, 2013. A copy of the screengrab of the Account including Photograph 1 is attached hereto as Exhibit 2: #1.

21.     Photograph 1 is displayed at URL: https://www.facebook.com/ClubColumbus/photos/10151891571895751.

22.     On October 26, 2012, Plaintiff authored a photograph of Aron Abikzer in military camouflage pattern backpack and pants ("*Photograph 2*"). A copy of Photograph 2 is attached hereto as Exhibit 1: #2.

23.     Photograph 2 was registered by the USCO on September 24, 2014 under Registration No. VAu 1-185-837.

24.     On December 22, 2021, Plaintiff observed Photograph 2 on the Account in a post dated November 1, 2019. A copy of the screengrab of the Account including Photograph 2 is attached hereto as Exhibit 2: #2.

25.     Photograph 2 is displayed at URL:

https://www.facebook.com/ClubColumbus/photos/10157552204905751.

26.     On January 4, 2011, Plaintiff authored a photo of Vince Ramos holding a football in one hand ("*Photograph 3*"). A copy of Photograph 3 is attached hereto as Exhibit 1: #3.

27.     Photograph 3 was registered by the USCO on December 1, 2011 under Registration No. VA 1-823-903.

28.     On December 22, 2021, Plaintiff observed Photograph 3 on the Account in a post dated September 5, 2019. A copy of the screengrab of the Account including Photograph 3 is attached hereto as Exhibit 2: #3.

29.     Photograph     3     is     displayed     at     URL: https://www.facebook.com/ClubColumbus/photos/10157374701700751.

30.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Account.

31.     Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

32.     Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.*508 F.3d 1146, 1160 (9th Cir. 2007).

33.     Photograph 2 and Photograph 3 have been modified to include additional text to promote Defendant's business. A copy of Photograph 1 in its entirety was directly copied and stored by Defendant on the Account.

34.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

35.     Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

36.     Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

37.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

38.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

39.     Upon information and belief, Defendant monitors the content on its Account.

40.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

41.     Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

42.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

43.     Upon information and belief, Defendant at all times had the ability to stop the

PLAINTIFF'S COMPLAINT

reproduction and display of Plaintiff's copyrighted material.

44.     Defendant's use of the Photographs, if widespread, would harm both Plaintiff's potential market for and integrity of the Photographs.

45.     Since creating the Abikzer image, Plaintiff went on to become world renowned for photographing American and British wounded veterans of war.

46.     In November of 2015, Plaintiff released a hardcover photographic volume titled "Always Loyal," a work dedicated to severely wounded U.S. Gulf War Veterans. All the veterans in the book are severely wounded and have had amputations.

47.     This work was reported on and recognized by numerous reputed and recognized televisions, print, and online media organizations including but not limited to CNN, Buzzfeed, Redbook, MTV, The Tonight Show, and The View.

48.     At the time of the initial filing, Mr. Stokes's photography work has a following over 948,000 people on Facebook.com, over 180,000 people on Instagram.com, and over 185,000 people on Twitter.com.

49.     After achieving notoriety within the veteran and international armed force community, Plaintiff became more selective about when and where he posts any image depicting or alluding to the armed services.

50.     Plaintiff also tempered the use of models partially nude in uniform.

51.     Photographing veterans in partial uniform is controversial and within the armed forces community is often frowned upon.

52.     In the Abikzer image, the model is not a veteran of war and was taken before the Plaintiff became famous for photographing wounded veterans of war.

53.     The general public familiar with the Plaintiff's work may assume that Abitzer

image is a veteran of war, and that the Plaintiff licensed the image to an entity that makes profit from liquor sales.

54.     Defendant chose to use this particular image on the Veterans Day, a day most Americans associate with patriotism.

55.     The advertisements created by the Defendant not only exploits an American service uniform for liquor sales but also implies patriotism and a celebration of country.

56.     In the same way the Defendant hoped to illicit enthusiasm by using the Plaintiff's images, conversely the audience the Plaintiff has cultivated would feel a betrayal, that the photographer has exploited the United States uniform for the purpose of liquor sales on a national holiday. This is particularly damaging to the Plaintiff's brand.

57.     The advertisements created by the Defendant also damages the reputation of Plaintiff by removing the exclusivity of these images.

58.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

59.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60.     The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

61.     Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

62.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff

thereby violating one of Plaintiff's exclusive rights in its copyrights.

63.     Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

64.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

65.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

66.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

67.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a.     finding that Defendants infringed upon Plaintiff's copyright interest in

the Photograph by copying and displaying without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: June 15, 2022

**SANDERS LAW GROUP**

By: ___*/s/ Douglas H. Sanders*_____
Douglas H. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124092
*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT